UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **MELODY MOSS,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 1:17cv122 SNLJ<br>) |
| **JPMORGAN CHASE BANK, N.A.,** | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM AND ORDER

Plaintiff Melody Moss, *pro se*, filed a petition against defendant JPMorgan Chase Bank, N.A. ("Chase") in the Circuit Court for Reynolds County, Missouri. Plaintiff appears to seek to have defendant Chase's lien on her property declared void. Defendant removed the matter to this Court pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332(a). Defendant then moved to dismiss the petition for failure to state a claim for which relief can be granted. (#12.) Plaintiff has not responded, and the time for doing so has passed.

**I.     Factual Background**

Plaintiff's handwritten complaint is difficult to understand. It appears that plaintiff owned property located at 1736 County Road 418, Piedmont, Missouri, 63957. She may have originally owned the property with her husband, Dean Brachle, but they have apparently separated. Plaintiff refers to a loan from First Midwest Bank of Dexter, Missouri and suggests that it was transferred to defendant Chase at some point, but she

says she received no notice of the transfer. Most of plaintiff's complaint comprises descriptions of her more than 200 pages of exhibits, including Missouri statutes, deeds of trusts, and copies of handwritten communications to defendant Chase. Some exhibits, however, are not explained in the complaint. It appears that plaintiff was advised that defendant Chase was foreclosing on her property and that plaintiff tried to make "catch up payments" to avoid further foreclosure actions. Plaintiff seeks an order that the lien is "invalid," as she appears to allege that the lien on the property, which took the form of a deed of trust, was "non-consensual." She states that Chase is "trying to cheat me out of possession of my legal residence" (#5 at 9) and that she is entitled to monetary damages for her work on the property totaling $240,000.

Defendant Chase has moved to dismiss the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

Defendant has moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*,

599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster. *Iqbal*, 556 U.S. at 678.

Although courts liberally construe *pro se* complaints, the pleading "must not be conclusory and must state specific facts which, when taken as true, state a claim as a matter of law." *Beasley v. State of Mo.*, No. 1:04-cv-173-CAS, 2005 WL 2206110 (E.D. Mo. Sept. 12, 2005). The Court also notes that "the absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits." *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001 (8th Cir. 2000).

## III.    Discussion

Defendant Chase argues that the complaint does not consist of "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Although plaintiff appears to dispute defendant's interest in and lien on plaintiff's property, defendant opines that plaintiff's allegations are too confusing and unclear to assert the basis of any claim against Chase. This Court agrees. Although the Court has read plaintiff's complaint and reviewed her many exhibits, plaintiff appears to rely solely on conjecture, conclusory statements, and bare citations to her exhibits to support her claims. Without factual allegations to support

her claims, plaintiff's conclusions are unsupported and must be disregarded by this Court. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002).

Plaintiff obliquely refers to §§ 428.110-135 RSMo, which address procedures for rejecting a "nonconsensual common law lien." A "nonconsensual common law lien" is defined as

> a document that purports to assert a lien against the assets, real or personal, of any person and that, regardless of any self-description:
>
> (a) Is not expressly provided for by a specific state or federal statute;
>
> (b) Does not depend upon the consent of the owner of the property affected or the existence of a contract for its existence; and
>
> (c) Is not an equitable or constructive lien imposed by a state or federal court of competent jurisdiction.

§ 428.105(5). Notably, the definition excludes liens that "depend upon the consent of the owner of the property…for its existence." *Id.* Here, plaintiff appears to have signed the deed of trust and thus consented to the lien on the property. Any reliance on these statutes is therefore misplaced.

For that reason, plaintiff's claim for a declaratory judgment that the lien is void must be dismissed. Plaintiff suggests that her property was improperly foreclosed upon because the lien was invalid, and she wants the Court to declare the lien invalid. But plaintiff also attaches the deed of trust on the property signed by herself and her estranged husband. Plaintiff has stated no cause of action against the defendant, and her complaint will be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss (#12) is **GRANTED**.

Dated this   4th   day of December, 2017.

                                             STEPHEN N. LIMBAUGH, JR.
                                             UNITED STATES DISTRICT JUDGE