UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MELODY MOSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:17cv122 SNLJ |
| | ) |
| JPMORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Plaintiff Melody Moss, *pro se*, filed a petition against defendant JPMorgan Chase Bank, N.A. ("Chase") in the Circuit Court for Reynolds County, Missouri. Plaintiff sought to have defendant Chase's lien on her property declared void. Defendant removed the matter to this Court pursuant to the Court's diversity jurisdiction, 28 U.S.C. § 1332(a). On August 14, 2017, defendant then moved to dismiss the petition for failure to state a claim for which relief can be granted. (#12.) Plaintiff did not respond. This Court granted the motion to dismiss on December 4, 2017, having concluded that plaintiff's legal arguments were meritless in light of the fact plaintiff had signed the deed of trust and thus consented to the lien on the property.

Five days later on December 11, and presumably before plaintiff received a copy of the dismissal, the Court received plaintiff's Motion to Remand (#21), in which she discussed Chase's unlawful detainer case that had been filed in state court against her in April 2017. Plaintiff also appeared to refute the motion to dismiss by stating that she had

complied with Federal Rule of Civil Procedure 8's requirement that the complaint be a short and plain statement. She argues that the correct venue for her case is the state court where her unlawful detainer case was pending, in Reynolds County, Missouri. Notwithstanding plaintiff's tardy motion, the Court notes that plaintiff states nothing to refute that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The motion to remand must be denied.

On December 26, 2017, this Court received several additional motions filed by plaintiff. Plaintiff filed the following:

- Motion to Reopen, Correct, Amend, or Modify the Judgment and or Set Aside and or Quash for Wrongful Foreclosure (#22).
- Motion to Reopen, Correct, Amend, Modify or New Trial the Judgment and Wrongful Foreclosure (#23).
- Motion for Intervention (#24).

On February 5, 2018, plaintiff filed duplicate versions of the Motion to Remand and the other three motions listed above (#25-#28)[1].

Plaintiff's motions each repeat essentially the same facts. She states, *inter alia*, that she did not break any laws, that she never received correspondence regarding the sale or transfer of her legal residence, that she tried to call and speak to defendant's agent but was unable to do so, that she has paid sufficient money to Chase to reinstate her interests in her legal residence, that she has been making payments on her home insurance, that

---

[1] Document #25 is the same substantively as #23, but #25 adds notices of motions for the other motions.

she is completely disabled and needs to stay in her home because it is set up for her disability, and that her husband abandoned her and disregarded a separation agreement.

The Court has thoroughly reviewed plaintiff's voluminous filings. They remain difficult to understand, but it is clear plaintiff wishes for her case against Chase to continue because she believes her home was wrongfully foreclosed upon. Plaintiff also states that she wishes to litigate these matters in state court. This Court takes judicial notice that, according to the Missouri State Courts website, the unlawful detainer case brought by Chase against plaintiff in state court goes to trial in August 2018. This Court has no authority to "quash" that case, nor can this Court intercede with respect to any issues surrounding plaintiff's separation from her husband. *See, e.g.*, *Wallace v. Wallace*, 736 F.3d 764, 766 (8th Cir. 2013) (discussing domestic relations exception). Plaintiff's vague requests for "intervention" or "redress for all of the wrongs done her" cannot be granted, and this Court must deny her motions to reopen and for "intervention."

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand (#21, #28) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reopen, Correct, Amend, or Modify the Judgment and or Set Aside and or Quash for Wrongful Foreclosure (#22, #26) is DENIED.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reopen, Correct, Amend, Modify or New Trial the Judgment and Wrongful Foreclosure (#23, #25) is DENIED.

**IT IS FINALLY ORDERED** that plaintiff's Motion for Intervention (#24, #27) is DENIED.

Dated this  8th  day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE